**In re SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION.**

**No. MDL–721.**

United States District Court,
D. Puerto Rico.

July 19, 1988.

Plaintiffs' Steering Committee, Ana Luisa Navarro, Liaison, Old San Juan, P.R., for plaintiffs.

Defendants' Liaison Office, Carlos Padín, San Juan, P.R., for defendants.

PRETRIAL ORDER NO. 99

CONFIDENTIALITY ORDER FOR THIS LITIGATION

ACOSTA, District Judge.

Before the Court is defendant Ralph Wilson Plastics Co.'s Motion Re Stipulated Protective Order, filed June 20, 1988, Docket No. 3124, submitting a stipulation approved by the Discovery Committee which, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, establishes a mechanism for production of confidential information throughout this litigation in a manner that will ensure that its confidentiality is protected. We hereby APPROVE the proposed stipulation and pursuant thereto have prepared the attached Appendix which is hereby incorporated into the Case Management Order, Pretrial Order No. 20, filed November 25, 1987, Docket No. 591, as new section IX(K), and shall operate as the Confidentiality Order for this litigation.

The parties also stipulated that, for purposes of the Confidentiality Order, competitors of defendant Ralph Wilson Plastics Co. include defendants Nevamar and Laminart and any persons or entities acting on behalf of defendants Nevamar and Laminart.

IT IS SO ORDERED.

PRETRIAL ORDER NO. 99:
APPENDIX

(TO BE INSERTED AS NEW SUBSECTION IX(K) OF THE CMO AT PAGE 34. NOTE THAT NEW SUBSECTION IX(J) IS THE DESTRUCTIVE TESTING SUBSECTION INCORPORATED TO THE CMO BY THE APPENDIX TO PRETRIAL ORDER NO. 95)

IX. DISCOVERY

\* \* \* \* \* \*

K. *Confidentiality Order*

Pursuant to Federal Rule of Civil Procedure 26(c)[1] and in order to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to protect material entitled to be kept confidential, and to ensure that such

---

1. In relevant part, Rule 26(c) reads as follows: (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending \* \* \* may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: \* \* \* (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; \* \* \*. [Emphasis added.]

protection is afforded only to the proper material, all confidential materials requested or made available during the progress of this litigation shall be handled as indicated in this section.

This Confidentiality Order is not intended to restrict access to legitimate discovery materials by any party to this litigation— except, under narrow circumstances, when a competitor of the designating party is involved, *see* subsection (K)(3)(e) below. Rather, this order merely limits the disclosure of confidential information by the receiving party to (1) legitimate discovery needs, (2) proper trial preparation, and (3) introduction of admissible evidence at trial, while at the same time protecting the designating party from dissemination of its trade secrets.

### 1. Definitions
#### a. "Stamped Confidential Material"

"Stamped confidential material" is any material which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that it brings to the attention of a reasonable examiner) "CONFIDENTIAL—SUBJECT TO PROTECTIVE CONFIDENTIALITY ORDER IN CIVIL ACTION NO. MDL–721, UNITED STATES DISTRICT COURT, DISTRICT OF PUERTO RICO," to indicate that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c)(7). To the extent that materials quote, summarize, or otherwise contain confidential information entitled to protection under this section, they may be accorded status as stamped confidential material, however, to the extent feasible, the designating party shall prepare said material in such a manner that the confidential information is bound separately from that not entitled to protection.

#### b. "Materials"

Rather than making this Confidentiality Order applicable to "documents" we find the term "materials" much broader and hence more appropriate. As used in this section, "materials" includes any writing, drawing, chart, film, video recording in any form, audio recording in any form or its transcript, retrievable data (computer or other) in whatever form, or any other tangible preservation of information whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. The term "materials" also includes interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs.

#### c. "Designating" and "Receiving" Party

As hereinafter used, the party designating material as confidential shall be the "designating party." The party receiving the document shall be the "receiving party."

### 2. Non–Disclosure of Stamped Confidential Material

UNDER PENALTY OF CONTEMPT, STAMPED CONFIDENTIAL MATERIAL SHALL NOT BE DISCLOSED TO ANY PERSON EXCEPT:

a. With the prior written consent of the designating party or other person originally designating the stamped confidential material; or

b. As provided in this Confidentiality Order.

### 3. Permissible Disclosures
#### a. Persons Designated by the Court

Notwithstanding subsection (K)(2), above, stamped confidential material may be disclosed to any person designated by the Court upon such terms as the Court may deem proper.

#### b. Persons Involved in this Litigation

Notwithstanding subsection (K)(2), above, stamped confidential material may be disclosed to:

(1) outside counsel for the parties in this action who are actively engaged in the conduct of this litigation;

(2) to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reason-

ably necessary to render professional services in the litigation; and

(3) to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court);

BUT NOT TO (1) clients, (2) house counsel, or (3) attorneys involved in any related litigation in other courts (with the exception of the parallel state court action pending before Judge Angel F. Rossy).

### c. Other Persons

Notwithstanding subsection (K)(2), above, and subject to the provisions of subsection (K)(3)(d), below, stamped confidential material may also be disclosed to:

(1) persons noticed for depositions or designated as trial witnesses in this litigation to the extent reasonably necessary in preparing to testify;

(2) outside consultants or experts retained for the purpose of assisting counsel in this litigation;

(3) employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system in this litigation; and

(4) employees of third-party contractors performing one or more of these functions.

### d. Conditions for Disclosure

Before any disclosures are made pursuant to subsection (K)(2)(c), above, the individual to whom disclosure is to be made shall sign and file with the Court a motion using the format of FORM A attached hereto containing:

(1) a recital that the signatory has read and understands this Confidentiality Order (subsection IX(K) of the Case Management Order, as amended by the Appendix to Pretrial Order No. 99, filed July ____, 1988, Docket No. ____);

(2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction over him or her by this Court for the limited purpose of enforcement of this Confidentiality Order.

### e. Disclosure to Competitors of the Designating Party

#### (1) Identifying Competitors

The first time that a party produces stamped confidential materials pursuant to this Confidentiality Order, and contemporaneously therewith, it shall file with the Court a motion entitled "LIST OF COMPETITORS OF [THE DESIGNATING PARTY] FOR PURPOSES OF THE CONFIDENTIALITY ORDER" identifying those parties or other interested entities related to this litigation that it considers to be its competitors. Copy of the motion shall accompany the materials produced. To the extent that it considers it appropriate, it shall be the responsibility of the designating party to update its list of identified competitors. To the extent that a party or other entity has not been identified as a competitor by the designating party, they are presumed to be *non-competitors* for purposes of this Confidentiality Order.

#### (2) Procedure for Disclosure to Competitors

Before disclosing stamped confidential material to any person listed in subsections (K)(3)(b) or (K)(3)(c), above, who has been identified as a competitor (or an employee, or agent or any person acting on behalf of competitor) of the designating party pursuant to subsection (K)(3)(e)(1) above, the party wishing to make such disclosure shall ensure that counsel for the designating party receives a written notice of intent to disclose stamped confidential material at least ten (10) calendar days before the review of any stamped confidential materials. Said notice shall: (1) state the names and addresses of the person(s) to whom the disclosure will be made; (2) identify with particularity the materials to be disclosed; and (3) state the purpose(s) of such disclosure. If, within the ten day period, a mo-

tion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has DENIED such motion. Objections to disclosure will be DENIED unless the objecting party shows good cause why the proposed disclosure should not be permitted.

### f. Recording Disclosure

Counsel for the receiving party shall furnish a copy of this Order to all persons who have access to the stamped confidential materials or the information contained therein. Counsel for the receiving party shall keep a record of all persons or entities to whom the confidential material or information obtained therefrom is given, shown, disclosed, made available, or otherwise communicated. This record shall also show the date such individual read this Confidentiality Order. Such record will be available for inspection solely by the Court.

### g. Termination of Services

In the event that any person to whom confidential information contained in stamped confidential materials is disclosed ceases to be engaged by the receiving party or its counsel in the preparation for trial or the trial of the above referenced matter,

(1) that person shall return all stamped confidential materials and any tangible memorialization of the information obtained therefrom then in their possession to the custody of counsel for the receiving party;

(2) that person's access to the confidential information in the possession of such receiving party shall cease; and

(3) such person shall be instructed by counsel for the receiving party that any and all confidential information shall not be disclosed to any person.

### 4. Safeguarding of Stamped Confidential Documents

The large number of parties using the Joint Document Depository in this case creates special concerns about safeguarding stamped confidential materials. Consequently, stamped confidential materials shall be kept in locked file cabinets at the Depository upon such terms and conditions as the Administrator of the Depository shall establish.

### a. Recording Disclosure

The Administrator of the Depository shall maintain a record of all persons or entities to whom stamped confidential materials are given, shown, disclosed, made available, or otherwise communicated, and the date and time thereof. This record shall also show the date such individual read this Confidentiality Order. Such record will be available for inspection by all parties and by the Court.

### b. Access by Parties

The purpose of maintaining stamped confidential materials in a locked area of the Depository is to allow the Depository staff to ensure that only those parties who are entitled to receive such materials under the provisions of this Confidentiality Order do so. Accordingly, subject to the terms imposed by the Depository Administrator and to the provisions of this Order, all parties to this litigation shall have access to the stamped confidential materials stored in the Depository as they do with all materials stored therein.

### 5. Use of Stamped Confidential Materials

Confidential information shall not be used by the receiving party and persons to whom it is disclosed for any purpose other than trial or preparation for trial and any appellate proceeding concerning this litigation. CONFIDENTIAL INFORMATION SHALL NOT BE USED BY ANY PARTY OR OTHER PERSON FOR ANY BUSINESS PURPOSE. UNDER PENALTY OF CONTEMPT, no person who is furnished confidential information shall disclose it to any person not entitled under this Confidentiality Order to receive it without the prior written approval of the designating party or their attorneys of record herein.

### 6. Moving the Court for Declassification

A party (or aggrieved entity or natural person permitted by the court to intervene for such purpose) may apply to the court for a ruling that certain materials (or a

category of materials) stamped as confidential are not entitled to such status and protection by filing a written motion to that effect. This motion shall: (1) state the names and addresses of the person(s) seeking declassification and their standing to move the court; (2) identify with particularity the materials sought to be declassified; and (3) state the reasons for such declassification. Contemporaneous with its filing with the Court, the moving party shall give notice of the application to the designating party, and the designating party shall respond thereto within ten (10) calendar days of its receipt. The proponent of confidentiality shall have the burden of establishing by a preponderance of the evidence that there is good cause for the materials to have such protection.

## 7. Confidential Information in Depositions

### a. Using Confidential Information During the Taking of a Deposition

In general, a deponent may during the taking of his or her deposition be shown, and examined about, stamped confidential materials only if the party attempting to disclose the materials during the taking of said deposition complies with the following:

(1) The party wishing to make such disclosure shall ensure that counsel for the designating party receives written notice of intent to disclose stamped confidential material at least ten (10) calendar days before the taking of a deposition in which disclosure of any stamped confidential materials is to take place. Said notice shall: (1) state the names and addresses of the deponent to whom the disclosure will be made; (2) identify with particularity the materials to be disclosed; and (3) state the purpose(s) of such disclosure.

(2) If, on or before five (5) calendar days [2] before the taking of the deposition, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has DENIED such motion. The Court will deny the motion unless the objecting party shows good cause why the

proposed disclosure should not be permitted.

(3) Deponents shall not retain or copy those portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the motion prescribed in subsection (K)(3)(d) above.

### b. Producing Confidential Information During the Taking of a Deposition

(1) A deponent who is not a party or a representative of a party shall be furnished a copy of this Confidentiality Order before being examined about, or asked to produce, potentially confidential materials, by attaching a copy of this order to the subpoena to attend and/or subpoena duces tecum accompanying the notice of the taking of that non-party's deposition and having a copy of it available for reference during the taking of the deposition.

(2) Confidential materials produced during the taking of a deposition, either voluntarily or in compliance with a subpoena duces tecum, including those marked as deposition exhibits, shall be designated as confidential during or before the taking of the deposition and treated accordingly. Failure to designate such materials as stamped confidential materials during or before the taking of the deposition shall result in waiver of the privilege to designate such materials as stamped confidential materials.

### c. Designating Deposition Transcript as Confidential Material

#### (1) Preliminary Designation

During the taking of a deposition in which (a) confidential information is used by an examining party or (b) the deponent discloses confidential information, the party or non-party deponent using or disclosing confidential information shall orally inform the Court Reporter contemporaneously with the use or disclosure (a) that the transcript of said deposition contains confidential information and (b) the name, mailing address, and telephone number of the

---

**2.** This five-day period is intended to allow the Court to make a ruling in time for the deposi-

tion to be: (1) taken on time, or (2) properly rescheduled, if needed.

designating party (parties). The same information shall be provided in writing to the Administrator of the Joint Document Depository within five (5) calendar days of the taking of said deposition.

(a) Failure by an examining attorney to inform the court reporter and the Depository Administrator of their use of confidential information during the taking of a deposition shall result in contempt proceedings against the examining attorney and the imposition of appropriate sanctions upon counsel or the party, unless the designating party or its counsel, if present, fails to object to such failure to inform, in which case said designating party shall be deemed to have waived the privilege to designate portions of the transcript as confidential material.

(b) If the designating party is also the examining party, said party's failure to inform the reporter and the Depository Administrator of the disclosure of their stamped confidential material or the information contained therein shall result in waiver of the privilege to designate portions of the transcript as confidential material.

(c) Failure by the deponent or his or her counsel to inform the reporter and the Depository Administrator of their disclosure of confidential information shall result in waiver of the privilege to designate portions of the transcript as confidential.

*(2) Instructions to the Court Reporter*

The court reporter recording the deposition shall be instructed by the person using or disclosing confidential information, as the case may be, (or, if present, by the designating party, upon failure to instruct by the person using or disclosing confidential information) (a) to forward only one copy of the transcript and all exhibits to the Joint Document Depository and (b) that no copies of said transcript may be provided to any party except with authorization from the Administrator of the Depository. Because the court reporter must forward all exhibits to the Depository, copies may only be obtained therefrom. Failure to instruct the court reporter shall have the results indicated in subsections (K)(7)(c)(1)(a), (b), and (c) as the situation requires.

*(3) Sealed Pending Review by Designating Party*

Upon receipt of a deposition transcript that has been preliminarily designated as confidential, the Administrator of the Joint Document Depository shall store the entire transcript in the locked area used to store all confidential materials. The Administrator shall then forward one copy of the transcript and exhibits thereto to each party designating material used or produced during the deposition as confidential (including, if applicable, party and non-party deponents). The entire transcript shall remain sealed pending review by the designating party (parties) or non-party deponents.

*(4) Review by the Designating Party*

Parties (and non-party deponents) shall designate portions of the transcript that are entitled to such treatment as confidential material as follows:

(a) Confidential information within a deposition transcript shall be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL—SUBJECT TO PROTECTION PURSUANT TO THE CONFIDENTIALITY ORDER."

(b) The designating party shall then produce an "expurgated" copy of the transcript, i.e., one that does not include the confidential portions and forward both the complete marked transcript and the expurgated copy to the Depository Administrator.

(c) The Depository Administrator shall then place both the full and the expurgated transcript in the same locked area of the Depository used to store all stamped confidential material and treat them accordingly.

(d) Subject to all other applicable rules, parties who are not entitled to receive the designating party's stamped confidential material shall be given copies of the expurgated transcript, all other parties shall receive copies of the full transcript.

### (5) Designation Deadline

Failure by parties and non-party deponents to return the designated transcript and the expurgated copy to the Depository on or before fifteen (15) calendar days from receipt of the transcript shall result in (a) waiver of the right to designate any part thereof as confidential and (b) the entire transcript being placed in the regular area of the Depository and treated accordingly.

### 8. Confidential Information at Trial

Subject to the Federal Rules of Evidence, stamped confidential materials and other confidential information may be offered in evidence at trial or any court hearing, even as rebuttal evidence, provided that the proponent of the evidence gives advance written notice of intent to use such evidence to counsel for the designating party at least sixty (60) calendar days prior to the beginning of the trial or hearing during which such evidence is to be offered. Any party may move the Court for an order that such evidence be received in camera or under other conditions that will prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

### 9. Subpoena by Other Courts or Agencies

If another court or an administrative agency subpoenas or orders protection of stamped confidential materials which a party has obtained under the terms of this Confidentiality Order, such party shall: (1) promptly notify the designating party of the pendency of such subpoena or order, (2) provide the designating party with a copy of the subpoena or order, (3) provide the Court or agency issuing the subpoena or otherwise ordering production with a copy of this Confidentiality Order, and (4) notify the Court or agency issuing the subpoena or otherwise ordering production of stamped confidential material that such production might subject such party to contempt proceedings before this court.

### 10. Filing with the Court

Stamped confidential materials need not be filed with the Clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56 or other matters pending before the Court. If filed, such papers shall be labeled "INFORMATION SUBJECT TO CONFIDENTIALITY ORDER" and shall be filed under seal with the statement substantially in the following form:

> This envelope contains materials which have been designated as stamped confidential materials pursuant to the Court's Confidentiality Order, Appendix to Pretrial Order No. 99, filed July _____, 1988, Docket No. _____. The contents of this envelope are confidential and are not to be displayed or revealed except to the Court unless it orders otherwise.

Such papers shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential materials.

### 11. Client Consultation

Nothing in this Confidentiality Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential materials provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of subsections (K)(3)(b) and (c). In the event that any counsel or other person wishes to disclose a stamped confidential document to a client who is prohibited from seeing such a document by subsection (K)(5) of this Confidentiality Order, the person seeking disclosure shall contact counsel for the designating party to obtain a waiver of the prohibition against disclosing stamped confidential documents to clients. Counsel for the designating party must agree to the waiver in writing unless it can show good cause for not doing so. In the event counsel for the designating party agrees to the waiver, disclosure shall be made subject to the procedures set forth in subsections (K)(3)(b) and (c). In the event that counsel

for the designating party opposes the waiver based on an asserted showing of good cause, counsel seeking disclosure may apply to the Court for relief by following the procedure in subsection (K)(6) above.

### 12. Non–Termination at the End of the Litigation

The provisions of this Confidentiality Order shall not terminate at the conclusion of this litigation. Within 120 calendar days after conclusion of this litigation, stamped confidential materials and all copies or other tangible memorialization of the information obtained therefrom of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall prepare a written certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 calendar days after conclusion of this litigation.

### 13. Seeking Modification Permitted

Nothing in this Confidentiality Order shall prevent any party or other person from moving to modify it or from objecting to discovery that it believes to be otherwise improper.

### 14. Attorneys' Duty to Preserve Confidentiality

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Confidentiality Order, access to, duplication and distribution of copies of stamped confidential materials.

### 15. Copying Prohibited

Parties shall not duplicate any stamped confidential materials except for working copies or for filing with the Court under seal.

PRETRIAL ORDER NO. 99: FORM A

MOTION ACKNOWLEDGING DUTY TO COMPLY WITH CONFIDENTIALITY ORDER

Pursuant to Pretrial Order No. 99, filed July ——, 1988, Docket No. ——, the undersigned and his or her counsel inform the Court that:

1. The undersigned has read and understands the Court's protective order known as the Confidentiality Order (subsection (IX)(K) of the Case Management Order, Pretrial Order No. 20, filed November 25, 1987, Docket No. 591, *as amended by* the Appendix to Pretrial Order No. 99).

2. The undersigned understands that unauthorized disclosures of stamped confidential materials constitute contempt of Court.

3. The undersigned consents to the exercise of personal jurisdiction over himself/herself by this Court for the limited purpose of contempt proceedings resulting from alleged violations of this Court's Confidentiality Order.

/signed/ _____
Person receiving stamped confidential materials

/signed/ _____
Counsel for _____